UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRIAD GROUP, INC.,

                    Plaintiff,

v.                                                 Case No. 11-CV-766-JPS

VI-JON, INC.

                    Defendant.                    ORDER

---

       The defendant, Vi-Jon, removed this breach of contract case to federal court on August 12, 2011, on the basis of diversity jurisdiction. (Docket #1). On that same day, they filed a Motion to Dismiss the action. (Docket #4). Upon consideration of the parties' submissions and the analysis which follows, the court is obliged to deny the motion.

1.      BACKGROUND

       The plaintiff, Triad Group, has had an ongoing business relationship with Vi-Jon for several years. (Compl. ¶ 7). Vi-Jon has contracted with Triad for the production, packaging, and processing of several products in Vi-Jon's "GERM-X" line of healthcare products. (Compl. ¶ 7). Thus, on a yearly basis, Vi-Jon would provide materials to Triad for use in manufacturing GERM-X, and would also give Triad a written forecast of how many GERM-X units they would need. (Compl. ¶¶ 8, 10). Relying on the forecasts and materials provided, Triad would purchase other materials necessary to complete the finished product. (Compl. ¶ 9). According to Triad, the parties engaged in this exact course of business for several years. (Compl. ¶¶ 3–10).

       The parties' 2011 business year began in much the same way. (Compl. ¶ 10). Between January and February 2011, Triad shipped $150,000 worth of GERM-X to Vi-Jon. (Compl. ¶ 15). During the same period, in January or

February of 2011, Vi-Jon gave Triad a written forecast for the year, and then placed eight purchase orders worth nearly $500,000. (Compl. ¶¶ 10, 13). As was customary between the parties, Vi-Jon provided several components, and Triad placed an order for the remainder of necessary materials. (Compl. ¶ 13). The remaining materials cost Triad approximately $70,000. (Compl. ¶ 14).

Unfortunately for all involved, though, 2011 turned out quite a bit different than years past. In January and March, Triad voluntarily recalled several products, which did not include GERM-X. (Compl. ¶¶ 19–20). Then, in April, as part of the *U.S. v. 169 50Kg Drums* action by the FDA, the U.S. Marshal Service seized a number of products from Triad's facilities; many of the components used in manufacturing GERM-X were seized at this time. (Compl. ¶¶ 21–22).

On February 22, 2011—while the recalls were occurring, but prior to the seizure—Vi-Jon instructed Triad to cease any production of GERM-X; Vi-Jon also stopped paying the money they owed for shipments of GERM-X that they had already received. (Compl. ¶¶ 23–27). Vi-Jon had paid only $7,000 for the already-received GERM-X, leaving approximately $145,000 owing to Triad. (Compl. ¶ 31). Additionally, Triad was left with approximately $70,000 of unused supples for the manufacture of GERM-X when Vi-Jon cancelled further production. (Compl. ¶ 27). Finally, Vi-Jon never paid any of the $500,000 contract for future GERM-X shipments that was in place at the time of the cancellation. (Compl. ¶ 27).

Thus, Triad instituted this action, seeking damages of: (1) $144,828 in satisfaction of unpaid amounts on the parties' contract for delivered GERM-X; (2) undetermined amounts for supplies acquired in reliance on Vi-Jon's alleged promise to purchase certain quantities of GERM-X; and (3)

undetermined amounts in satisfaction of the parties' contract for undelivered GERM-X. (Compl. 7–8, ¶¶ A, B, C).

In support of their first and third claims, Triad argues that Vi-Jon has breached the parties' various contracts. (Compl. ¶¶ 28–32, 40–44). In support of their second claim, Triad argues that Vi-Jon must reimburse them under the theory of promissory estoppel. (Compl. ¶¶ 33–39).

For the reasons which follow, the Court will deny Vi-Jon's Motion to Dismiss as to Triad's first and second claims, but will grant the Motion to Dismiss as to Triad's third claim.

2. DISCUSSION

    2.1    Standard for Decision on Motion to Dismiss

In deciding a motion to dismiss, the Court must accept all well-pleaded facts as true and draw all reasonable inferences in favor of the plaintiff. *King v. Spalding*, 467 U.S. 69, 72 (1984). A plaintiff's complaint will survive a motion to dismiss so long as it "contains sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007)).

    2.2    Court Consideration of Seizure-Related Documents

In its brief in support, Vi-Jon defends its actions as resulting from the recalls and seizure of Triad's products. (Def.'s Br. in Supp. 3–4). Vi-Jon raises the affirmative defense of frustration of contract, arguing that the Court should dismiss all of Triad's claims because the recalls and seizure made Vi-Jon's performance impossible. (Def.'s Br. in Supp. 3–4). In arguing frustration of contract, Vi-Jon cites to a number of documents from the docket in the seizure case, *U.S. v. 169 50Kg drums.* (Def.'s Br. in Supp. 4–5).

The Court can take judicial notice of its own docket, and will do so in deciding Vi-Jon's Motion to Dismiss. *See Menominee Indian Tribe of Wis. v. Thompson*, 161 F.3d 449, 456 (7th Cir. 1998). Typically, when considering matters outside of the pleadings, courts must treat a motion to dismiss as a motion for summary judgment. Fed.R.Civ.P. 12(d); *Menominee Indian Tribe*, 161 F.3d at 456. However, where a plaintiff references matters in the complaint that are central to its claim, the court can take judicial notice of its own files treating the motion as being for summary judgment. *Hecker v. Deere &Co.*, 556 F.3d 575, 582 (7th Cir. 2009). Here, because Triad referred to the seizure, this Court can and will take notice of its own files in considering the motion to dismiss. (Compl. ¶¶ 21–22); *Sawyer v. Atlas Heating & Sheet Metal Works*, 731 F. Supp. 2d 850, 852; *Hecker*, 556 F.3d at 582.

  2.3 Decision on Triad's Claims

    2.3.1 Breach of Contract as to Delivered Shipments

According to Triad's Complaint, Vi-Jon has failed to pay approximately $145,000 it owes on delivered shipments of GERM-X. (Compl. ¶ 31). Thus, Triad's first claim seeks the payment of that amount. (Compl. 7, ¶ A).

Seeking to have the Court dismiss the first claim, Vi-Jon argues that the recalls and seizures frustrated their contract with Triad, thus excusing Vi-Jon's non-payment. (Def.'s Br. in Supp. 3–5).

While Vi-Jon may have had perfectly acceptable reasons to stop payment on their contract with Triad, the Court cannot dismiss the first claim. Neither the Complaint nor the documents relating to the seizure establish any facts that stand alone to support Vi-Jon's frustration of contract defense. Those items fail to demonstrate that any of the delivered products were unsuitable for the market or defective in any way. Thus, looking to the

documents available at this stage of litigation, the Court cannot find facts that adequately demonstrate a frustration of contract defense. As such, it would be inappropriate to dismiss the first claim as improbable.

The Court sympathizes with Vi-Jon's position, understanding their frustration with Triad's practices and the recall. And, surely, during discovery, Vi-Jon may introduce evidence that establishes the unfitness of delivered products or other factors showing frustration of contract. However, on the record, as it stands, the Court must deny Vi-Jon's Motion to Dismiss the first claim.

### 2.3.2 Breach of Contract as to Undelivered Shipments

In its second claim, Triad seeks approximately $500,000, which it alleges Vi-Jon owes under contracts for GERM-X products that have not yet been manufactured or delivered. (Compl. 8, ¶ C; ¶ 27).

Again, Vi-Jon argues that the Court should dismiss this claim because the recalls and seizures frustrated the contract. (Def.'s Br. in Supp., 3–5).

And, again, the Court must decline to dismiss this claim. Similar to its refusal to dismiss the first claim, the Court ought not dismiss the second claim, because the Court finds that the documents it may consider at this stage do not adequately support Vi-Jon's frustration of contract argument.

In reference to the frustration of contract argument on the second claim, the record of the seizure case and Complaint in this case fail to demonstrate exactly what was seized. Again, discovery will clarify the extent of the seizure's effect on Triad's operations and the secondary effect on Vi-Jon's GERM-X orders. But, because the Court cannot gauge those effects by looking only to the documents available to it at this juncture, the Court is unable to find that the parties' contract was frustrated.

Therefore, the Court must deny Vi-Jon's Motion to Dismiss the second claim.

### 2.3.3 Promissory Estoppel

Triad seeks $70,000 for the amounts it expended purchasing manufacturing materials in reliance on Vi-Jon's promise.

In arguing for the dismissal of the third claim, Vi-Jon argues that Triad cannot simultaneously make a promissory estoppel and contract argument. (Def.'s Br. in Supp. 5–6 (citing *Bertha v. Remy Int'l, Inc.*, 414 F.Supp. 2d 869, 881 (E.D. Wis. 2006))). According to Vi-Jon, a promissory estoppel claim is mutually exclusive to a contract claim when the pleading party failed to allege that no contract existed, in regard to its promissory estoppel claim. (Def.'s Br. in Supp. 5–6 (citing *Bertha*, 414 F.Supp. 2d at 881)). Thus, Vi-Jon argues that Triad's promissory estoppel claim should be dismissed because Triad incorporated into their promissory estoppel claim certain paragraphs that allege the existence of a contract. (Def.'s Br. in Supp. 5–6 (citing Compl. ¶¶ 7, 33)).

In *Bertha*, the court held that "[t]he existence of a contractual relationship bars a promissory estoppel claim, unless the contract fails to address the essential elements of the parties' total business relationship." *Bertha*, 414 F. Supp. 2d at 881 (citing Kramer v. Alpine Valley Resort, Inc., 108 Wis. 2d 417, 425, 321 N.W.2d 293 (1982); Teff v. Unity Health Plans Ins. Corp., 2003 WI App 115, P 53, 265 Wis. 2d 703, P 53, 666 N.W.2d 38). Thus, if the parties' relationship is contractual and addresses the essential elements of the parties' total business relationship, then the Court must dismiss the promissory estoppel claim.

The Court finds that Triad's Complaint establishes a total contract between the parties, barring Triad's promissory estoppel claims. Triad argues

that its Complaint did not allege a contract, but only an ongoing relationship, and also that its promissory estoppel claim seeks relief that was outside of the total contractual relationship of the parties. (Pl.'s Resp. 9–10). But, this Court finds that Triad alleged a contract in its complaint when it noted that the parties had "contracted" for a number of years, and that "pursuant to and in furtherance of such contracts …Triad would source and purchase…" manufacturing materials. (Compl. ¶¶ 7, 9). This statement makes clear that Triad viewed the parties' business relationship as one in which the parties would annually engage in a new contract. Each year, Vi-Jon would give Triad an estimate of its needs, then Triad would purchase materials based on those estimates, after which time it would manufacture the product and sell it to Vi-Jon, undoubtedly passing on the price Triad had paid for the component materials it purchased.

As such, Triad's second claim for breach of contract totally subsumes their third claim for promissory estoppel. In its Complaint, Triad pled facts that would show the existence of a recurring contract with Vi-Jon. (Compl. ¶¶ 7–10). Triad then incorporated those facts into its promissory estoppel claim. (Compl. ¶ 33). Even though the two claims seek separate amounts of money, the promissory estoppel claim actually seeks money for a portion of the alleged contract between the parties—amounts that Triad would have passed on to Vi-Jon under the annual contract. In reality, the money that Triad expended on manufacturing materials was a part of the total business relationship between the parties, and was a part of the recurring contract entered by Triad and Vi-Jon.

Therefore, Triad's third claim is barred under *Bertha*. 414 F. Supp. 2d at 881. As such, the Court will grant Vi-Jon's Motion to Dismiss the third claim.

3. CONCLUSION

The facts as the Court must accept them at this stage of the proceedings do not support Vi-Jon's Motion to Dismiss Triad's first and second claims. Therefore, the Court will not dismiss those claims at this juncture. After discovery is completed, Vi-Jon may file a motion for summary judgment if it believes the further-established facts demonstrate that its contract with Triad was frustrated.

However, the Court will grant Vi-Jon's Motion to Dismiss Triad's third claim, though, as Triad may not allege the simultaneous existence and non-existence of a contract in circumstances such as those before the Court.

Accordingly,

IT IS ORDERED that the defendant's Motion to Dismiss (Docket #4) be and the same is hereby DENIED in part, as to plaintiff's first and second claims; and

IT IS FURTHER ORDERED that the defendant's Motion to Dismiss (Docket #4) be and the same is hereby GRANTED in part, as to plaintiff's third claim.

Dated at Milwaukee, Wisconsin, this 14th day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge