UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| TRIAD GROUP, INC.,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>VI-JON, INC.,<br><br>　　　　　　　　　Defendant. | Case No. 11-CV-0766-JPS<br><br><br><br>ORDER |

　　　　On October 28, 2011, the defendant, Vi-Jon, Inc. ("Vi-Jon"), filed its Answer to Triad Group, Inc.'s ("Triad") Complaint. In addition to answering Triad's Complaint, Vi-Jon alleged a counterclaim for fraudulent inducement to contract. (Answer ¶¶ 122–130). On October 28, 2011, Triad filed a motion to dismiss that counterclaim, arguing that Vi-Jon had not pled the counterclaim with sufficient specificity. (Docket #14). Having received and reviewed Vi-Jon's response and Triad's reply, the Court now decides that it will not dismiss Vi-Jon's fraudulent inducement claim.

　　　　As noted above, Triad argues that Vi-Jon did not plead its fraudulent inducement claim with sufficient specificity to satisfy Rule 9(b)'s heightened pleading standard for fraud claims. (*See* Pl.'s Br. in Supp. Mot. Dism. Count. 2–3 (citing Fed. R. Civ. P 9(b))). Triad correctly points out that Rule 9(b) requires fraud claims to be plead with particularity. (*See* Pl.'s Br. in Supp. Mot. Dism. Count. 2–3 (citing Fed. R. Civ. P 9(b))). That heightened standard requires that fraud pleadings state "the time, place and content of the alleged communications perpetrating the fraud." *Graue Mill Development Corp. v. Colonial Bank & Trust Co. of Chicago*, 927 F.2d 988, 992 (7th Cir. 1991). Additionally, the fraud pleadings must "state the identity of the person making the misrepresentation…and the method by which the

misrepresentation was communicated to the plaintiff." *Budgetel Inns, Inc. v. Micro Systems, Inc.*, 8 F. Supp.2d 1137, 1150 (E.D. Wis. 1998) (citing *Uni\*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992)). This requires that pleadings "state the 'specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Graue Mill Development Corp.*, 927 F.2d at 993 (quoting *Moore v. Kayport Package Express*, 885 F.2d 531, 540 (9th Cir. 1989)). Finally, and "[m]ost importantly, complaints charging fraud must sufficiently allege the defendant's fraudulent intent." *Graue Mill Development Corp.*, 927 F.2d at 992 (citing *Haroco v. American Nat'l Bank & Trust Co.*, 747 F.2d 384, 403 (7th Cir. 1984), *aff'd on other grounds*, 473 U.S. 606 (1985)).

Triad argues that Vi-Jon has failed to allege the content of the allegedly fraudulent communications and also to explain how such assurances were fraudulent. (*See* Pl.'s Br. in Supp. Mot. Dism. Count. 3 (citing *Skycom Corp. v. Telstar Corp.*, 813 F.2d 810, 818 (7th Cir. 1987)), Pl.'s Reply 3–6). As such, Triad argues that Vi-Jon's fraudulent inducement claim should be dismissed for failure to state with specificity facts that would satisfy Rule 9(b)'s heightened particularity requirement. (*See* Pl.'s Br. in Supp. Mot. Dism. Count. 3).

The Court finds Vi-Jon has come close to adequately pleading its fraudulent inducement claim and is entitled to revise its counterclaim to rectify any missing information. *See* Fed. R. Civ. P. 15(a)(2) (courts should freely grant leave for parties to amend pleadings when justice so requires); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1275 (11th Cir. 2006), *Luce v. Edelstein*, 802 F.2d 49, 56 (2d Cir. 1986) (both calling for courts to liberally allow amendment of pleadings insufficient under Rule 9). Therefore, the Court will not dismiss Vi-Jon's counterclaim.

To begin its analysis, the Court notes that Vi-Jon clearly pled facts establishing the time and place of Triad's alleged misrepresentations. In the general recitation of facts (incorporated into the counterclaim), Vi-Jon alleges that "[i]n the third and fourth quarter of 2010, Vi-Jon was having quality issues with the products Triad was delivering to Vi-Jon," and in subsequent paragraphs goes on to state that Triad made assurances that those problems would be corrected. (*See* Answer ¶¶ 77–80). In those same paragraphs, Vi-Jon alleges that the alleged misrepresentations occurred at the Triad facilities during an inspection by Vi-Jon personnel. (Answer ¶ 78).

This information is certainly adequate to put Triad on notice of the time frame of when these assurances were made, as well as the location where they occurred. *See Pirelli Armstrong Tire Corp. v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011). Quite clearly, the assurances occurred at the Triad facilities. And, while it would be preferable for Vi-Jon to have alleged more specific dates on which these representations occurred, given the facts of the case, the Court should not take an overly rigid view of the time-pleading requirement. *See id.* (stating that courts should not take a rigid view of the fraud pleading requirements, allowing variance in the required information based on facts in a given case). During the noted time period, there were substantial concerns over Triad's manufacturing process, and Vi-Jon may have taken multiple visits to Triad's facilities over the period of time in question, thus being unable to identify a specific date with particularity. Thus, given the facts in this case, the Court finds that Triad has sufficiently pled the time and place requirements to survive a motion to dismiss.

Similarly, turning to the content of the fraud allegations, the Court finds that Vi-Jon has pled sufficient facts to satisfy Rule 9(b)'s specificity requirement. Vi-Jon makes the following specific allegations: (1) "Triad

assured Vi-Jon that certain filling problems which existed would be corrected"; (2) "Triad failed to advise Vi-Jon that the FDA was inspecting Triad facilities and questioning quality control at the very same time Vi-Jon was at the facilities"; and (3) "Triad assured [them] that the facilities were operating properly and there was no need for further concern." (Answer ¶¶ 79–80). Vi-Jon then alleges that it relied on these representations in placing orders with Triad. (Answer ¶¶ 126–27). Finally, Vi-Jon alleges that Triad knew these representations to be false and that the Triad's violations resulted in the federal government's seizure of Triad's factory and many of their products. (Answer ¶¶ 96–97, 123–27).

With those allegations, Vi-Jon has alleged with specificity the content of Triad's assurances. The alleged facts establish the type of information omitted by Triad (which Vi-Jon also alleges was a knowing omission), Vi-Jon's reliance on that misinformation, and the way in which the misinformation was misleading. Together, those alleged facts establish the method, content, underlying intent, and resulting injury of Triad's alleged misrepresentation, thus satisfying Rule 9(b)'s content requirements. *See, e.g.*, *Fujisawa Pharm. Co. v. Kapoor*, 814 F. Supp. 720, 727 (N.D. Ill. 1993), *Budgetel Inns*, 8 F. Supp.2d at 1150 (citing *Uni\*Quality*, 974 F.2d at 923), *Graue Mill Development Corp.*, 927 F.2d at 992–93 (citing *Haroco*, 747 F.2d at 403; quoting *Kayport Package Express*, 885 F.2d at 540).

Vi-Jon has, however, failed to allege which individuals were responsible for making the allegedly fraudulent assurances; despite that failure, though, the Court will allow Vi-Jon to amend its counterclaim such that Vi-Jon may properly plead its claim. Vi-Jon argues that, by providing the rough time frame in which its inspection occurred, it has put Triad on sufficient notice of which personnel hosted the inspection and would have

made the assurances. The Court disagrees. During an inspection, any number of individuals—from line-workers to the CEO—may well have had discussions with Vi-Jon's representatives and made such assurances, whether authorized to do so or not. Thus, Vi-Jon has not offered sufficient facts to establish the identity of those persons allegedly making fraudulent assurances.

But, in the interest of justice and expeditious resolution of all of the parties' claims, the Court finds it appropriate to allow Vi-Jon to amend their pleadings to include those missing facts. The Court should grant such leave freely in situations, such as the one at hand, in which justice so requires. Fed. R. Civ. P. 15(a)(2). Here, Triad has made breach-of-contract allegations against Vi-Jon, despite a serious recall of Triad's own products. Thus, justice dictates that Vi-Jon should be allowed to air their counterclaims at this time, in this lawsuit, as those counterclaims arise from the same core of facts—namely, contracts that were made near the time of the recall and potentially affected by the recall. Further, given the early stages of these proceedings, the Court finds that allowing such amendment will not unduly prejudice Triad.

For the reasons stated above, the Court finds that Vi-Jon has come near enough to satisfying Rule 9(b)'s heightened standard to overcome Triad's motion to dismiss the fraudulent inducement claim. Therefore, the Court denies Triad's motion to dismiss, with instructions that Vi-Jon submit an amended answer and counterclaim, which rectifies the lack of information relating to the identity of individuals who made assurances. In their amended pleadings, Vi-Jon must be more specific as to which parties made these assurances by providing such information as names, general titles or capacities, and/or the form of interactions such people engaged in with Vi-

Jon's representatives during the inspection. Such information will be sufficient to put Triad on notice of which parties are responsible for making such assurances. Similarly, having received leave of Court to file an amended complaint, Vi-Jon should plead with greater specificity the dates of any allegedly fraudulent assurances, if doing so is possible. While the Court found Vi-Jon's initial pleading to be sufficiently specific, greater specificity would be beneficial to the Court's and Triad's knowledge and efforts to prepare for trial.

Accordingly,

IT IS ORDERED that the plaintiff's motion to dismiss the defendant's counterclaim (Docket #14) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the defendants shall submit an amended answer and counterclaim, which shall rectify the deficiencies noted by the Court in its discussion, within twenty (20) days of the issuance of this Order.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge